IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ELECTROLUX HOME PRODUCTS, INC.,

       Plaintiff,                    :         Case No. 3:05-mc-017

                                              District Judge Thomas M. Rose
     -vs-                              Chief Magistrate Judge Michael R. Merz
                                        :

WHITESELL CORPORATION,

       Defendant.


BAMAL FASTENERS, LLC, et al.,

       Respondents.

---

**DECISION AND ORDER DENYING STAY OF DECISION ENFORCING SUBPOENAS;
REPORT AND RECOMMENDATION ON REQUEST TO APPEAL**

---

       This case is before the Court on Respondents' Motion to Stay Enforcement of the Magistrate Judge's Decision and Order Enforcing Subpoenas (referred to by Respondents and herein as the "Confirmation Decision") and Petition for a Certificate of Interlocutory Appeal pursuant to 28 U.S.C. §1292(b) (Doc. No. 44).

       At least initially, a motion to stay a magistrate judge's decision on a non-dispositive motion is within the competence of a magistrate judge to decide.  S. D. Ohio Civ. R. 72.3 provides that magistrate judge decisions on non-dispositive motions are effective pending appeal unless stayed by either the magistrate judge or the district judge who is assigned to the case.

       Respondents do not indicate an intent to appeal to District Judge Rose from the Confirmation Decision.  Instead, they ask for a stay until Judge Rose can decide whether to certify for

interlocutory appeal two questions of law:

> 1. Whether the District Court erred when it compelled Respondents to produce documents (including electronic information) responsive to Whitesells' subpoenas in conflict with the decision of the [United States District Court for the] Western District of Tennessee, which quashed nearly identical subpoenas that Whitesell had issued to non-party Martin Industrial Supply Company; and
>
> 2. If the District Court did not err in compelling production, did it err when it permitted Whitesell to send its IT vendor, Interhack, to Respondent Bamal's place of business to conduct a forensic review of Bamal's computer systems absent a holding of bad faith on Respondents' Part?

(Motion, Doc. No. 44 at 7.)

The first of these two questions does not merit interlocutory appeal because the decisions of this Court and of the Western District of Tennessee are not in conflict. As Judge Rose found when overruling Respondents' last appeal from enforcement of the subpoenas, the Tennessee court denied enforcement because it found the underlying litigation was no longer active (Entry and Order, Doc. No. 36 at 5). This Court has already found that the underlying litigation is active and the instant Motion provides further evidence of that fact by attaching the scheduling order from the Georgia case, which sets a discovery cut-off of August 1, 2005. To the extent there is any conflict between the two decisions, it is not on a controlling question of law, but on a question of fact: is the underlying litigation active? 28 U.S.C. §1292(b) only allows interlocutory appeal on a controlling question of law.

The second question Respondents seek to appeal is not ripe for appeal to the Sixth Circuit which has no jurisdiction to consider an appeal from a non-final order of a magistrate judge in a non-consent case. *Ambrose v. Welch*, 729 F. 2d 1084, 1085 (6th Cir. 1984)(per curiam).

In addition, Respondents should be held to have waived any appeal on the second question by their failure to raise it in their first appeal from enforcement of the subpoenas. In the first

decision enforcing compliance with the subpoenas, the Magistrate Judge wrote:

> With respect to electronic information, Respondents shall make their computer systems available for inspection by Whitesell's counsel (including information technology consultants retained by Whitesell to assist) not later than December 27, 2005. Whitesell's counsel shall conduct this inspection and any copying/downloading from the Respondents' computer systems in such a manner as to minimize interference with Respondents' business operations. All electronic information shall be submitted for inspection in its native electronic form.

(Decision and Order Enforcing Subpoenas, Doc. No. 36 at 8-9.) Respondents made fourteen specific objections to that Order, but did not include any objection that the initial inspection of their computers would be done by forensic computer examiners employed by Whitesell's counsel. Indeed, during the hearing on October 17, 2005, Whitesell's counsel had suggested that the examination be performed that way to avoid imposing a cost burden on Respondents, who have no in-house IT capacity; Respondents offered no objection to that suggestion when it was made. Nor did they even begin to suggest the Court could order examination in this manner only upon a finding that Respondents had acted in bad faith.

Assuming this objection is not deemed waived and the Court allows a second appeal to the District Judge with respect to this aspect of the enforcement Order, and the Court eventually does not reverse this aspect of the Order, the Court should nevertheless not certify this matter under 28 U.S.C. §1292(b). Given the case load of the Sixth Circuit, it is extremely unlikely that it will take the case or, if it does, decide it in time to allow discovery here before the discovery cut-off in the underlying litigation.

Finally, even if the Court should certify one or both of the these questions for interlocutory appeal, it should not stay enforcement of the subpoenas pending appeal. The two enforcement orders entered by the Magistrate Judge have taken every measure to protect Respondents:

1. Respondents will have no expense; all the expense of discovery will be borne by Whitesell.

2. None of Respondents trade secrets will be compromised because all discovery is to be on an attorneys-eyes-only basis.

3. There is no compromise of attorney-client privilege because Respondents' counsel will see the master data disk and have an opportunity to create a privilege log before the data is released to Whitesell's counsel.

Respondents have complained throughout this proceeding of the burden being imposed on them.  Instead of lessening that burden by cooperating in discovery, they have fought a Stalingrad defense[1] costing untold thousands of dollars in attorney fees and providing increased evidence that they have something to hide.

The Motion to Stay Enforcement pending appeal is DENIED.  It is respectfully recommended that the Motion to Certify under 28 U.S.C. §1292(b) be likewise denied.

February 15, 2006.

                                                s/ **Michael R. Merz**
                                         Chief United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within ten days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v.*

---

[1] See Black's Law Dictionary 8th edition at 452.

*Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

United States District Court for the Southern District of Ohio
Western Division at Dayton